ANDREW P. VALENTINE, SBN 162094
andrew.valentine@dlapiper.com
SAORI KAJI, SBN 260392
saori.kaji@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2215
Telephone: 650.833.2000
Facsimile: 650.833.2001

Attorneys for Defendant
CHUNGHSIN TECHNOLOGY GROUP CO., LTD. f/k/a
NEW CENTURY OPTRONICS CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HDMI LICENSING ADMINISTRATOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHUNGHSIN TECHNOLOGY GROUP CO., LTD. f/k/a NEW CENTURY OPTRONICS CO., LTD., <br><br> Defendant. | CASE NO. 3:19-cv-00057-JST <br><br> **DEFENDANT CHUNGHSIN TECHNOLOGY GROUP CO., LTD. f/k/a NEW CENTURY OPTRONICS CO., LTD.'S ANSWER TO COMPLAINT** <br><br> Complaint Filed: January 4, 2019 |

Defendant Chunghsin Technology Group Co., Ltd. f/k/a New Century Optronics Co., Ltd. ("CNC") hereby files this answer to Plaintiff HDMI Licensing Administrator, Inc.'s complaint and states as follows:

## NATURE OF THE ACTION

1. CNC admits that plaintiff's complaint contains causes of action for breach of contract, trademark infringement, trademark counterfeiting, false designation of origin, and statutory and common law unfair competition. Except as so admitted, denied.

## JURISDISCTION AND VENUE

2. CNC admits that plaintiff asserts federal subject matter claims and claims arising from supplemental jurisdiction. Except as so admitted, denied.

3. CNC admits it entered into the Adopter Agreement attached as Exhibit B to the complaint, that the agreement has a governing law and venue provision, and that the venue provision identifies Santa Clara County, California. Except as so admitted, denied.

4. CNC admits that it has attended trade shows and shipped product to customers in California. Except as so admitted, denied.

5. CNC admits it entered into the Adopter Agreement attached as Exhibit B to the complaint, that the agreement has a governing law and venue provision, and that the venue provision identifies Santa Clara County, California. Except as so admitted, CNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the complaint and therefore denies those allegations.

## PARTIES

6. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the complaint and therefore denies those allegations.

7. Admitted.

## GENERAL ALLEGATIONS

### The HDMI Specification, HDMI Trademarks, and HDMI Adopters

8. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint and therefore denies those allegations.

DLA Piper LLP (US)
WEST\285572385.1

9. Admitted.

10. Admitted.

11. Admitted.

12. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint and therefore denies those allegations.

13. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint and therefore denies those allegations.

14. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint and therefore denies those allegations.

15. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint and therefore denies those allegations.

16. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint and therefore denies those allegations.

17. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint and therefore denies those allegations.

18. CNC admits that plaintiff licenses its trademarks through its adopter agreements. Except as so admitted, CNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the complaint and therefore denies those allegations.

19. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint and therefore denies those allegations.

20. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint and therefore denies those allegations.

21. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint and therefore denies those allegations.

22. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint and therefore denies those allegations.

**Defendant's Breach of the HDMI Specification Adopter Agreement**

23. CNC admits that plaintiff licenses its trademarks through its adopter agreements. Except as so admitted, CNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the complaint and therefore denies those allegations.

24. CNC admits that, on or about October 29, 2009, it entered into the Adopter Agreement with plaintiff, attached to the complaint as Exhibit B.

25. CNC admits that an audit conducted by an auditor hired by plaintiff purported to show royalties due to plaintiff under the Adopter Agreement, but that CNC has always disputed and continues to dispute the results of the audit. Except as so admitted, denied.

26. CNC admits that, on or about April 30, 2018, it received the letter attached to the complaint as Exhibit C. Except as so admitted, denied.

27. CNC admits that, on or about June 27, 2018, it received the letter attached to the complaint as Exhibit D. Except as so admitted, denied.

**Defendant's Infringing Conduct**

28. Denied.

29. Denied.

30. Denied.

31. CNC admits that, on or about November 16, 2018, it received the letter attached to the complaint as Exhibit E. Except as so admitted, denied.

32. Denied.

33. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the complaint and therefore denies those allegations.

34. CNC admits that it was aware of some of plaintiff's trademarks as a result of the Adopter Agreement, but denies that it has ever used any of plaintiff's trademarks in bad faith. Except as so admitted, CNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the complaint and therefore denies those allegations.

| | |
|---|---|
| 1 | 35. Denied. |
| 2 | 36. Denied. |
| 3 | 37. Denied. |

### HDMI LA Has Been Irreparably Harmed

38. Denied.

39. Denied.

### CAUSES OF ACTION

### COUNT I

### (Breach of Contract)

40. CNC incorporates by reference the foregoing paragraphs as if set forth fully herein.

41. CNC admits that, on or about October 29, 2009, it entered into the Adopter Agreement with plaintiff, a copy of which is attached to the complaint as Exhibit B. Except as so admitted, CNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the complaint and therefore denies those allegations.

42. Denied.

43. Denied.

44. Denied.

### COUNT II

### (Trademark Infringement under the Lanham Act § 32(a), 15 U.S.C. § 1114(a))

45. CNC incorporates by reference the foregoing paragraphs as if set forth fully herein.

46. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the complaint and therefore denies those allegations.

47. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the complaint and therefore denies those allegations.

48. CNC lacks knowledge or information sufficient to form a belief as to the truth of

DLA PIPER LLP (US)
WEST\285572385.1

the allegations in paragraph 48 of the complaint and therefore denies those allegations.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT III

**(Trademark Counterfeiting under the Lanham Act, 15 U.S.C. § 1114(b), 1116(d), and 1117(b)-(c))**

58. CNC incorporates by reference the foregoing paragraphs as if set forth fully herein.

59. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the complaint and therefore denies those allegations.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

## COUNT IV

**(False Designation of Origin, Passing Off & Unfair Competition under the Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

67. CNC incorporates by reference the foregoing paragraphs as if set forth fully

1 | herein.

68. CNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the complaint and therefore denies those allegations.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## COUNT V

**(Unfair Competition under Cal. Bus. & Prof. Code § 17200)**

75. CNC incorporates by reference the foregoing paragraphs as if set forth fully herein.

76. Paragraph 76 recites a statute and, therefore, does not require a response.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## COUNT VI

**(Common Law Unfair Competition)**

81. CNC incorporates by reference the foregoing paragraphs as if set forth fully herein.

82. Denied.

83. Denied.

84. Denied.

/ / /

/ / /

DLA Piper LLP (US)

WEST\285572385.1

# AFFIRMATIVE DEFENSES

CNC asserts the following defenses to plaintiff's complaint. CNC reserves the right to rely upon such other additional defenses as may become available or apparent during discovery.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The complaint and each and every one of its allegations fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
(Noninfringement)

CNC does not infringe and has not infringed any of the asserted trademarks.

## THIRD AFFIRMATIVE DEFENSE
(Invalid/Unenforceable)

The trademarks asserted by plaintiff are invalid and/or unenforceable.

## FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Plaintiff's claims are barred based on the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
(Waiver/Estoppel)

Plaintiff's claims are barred based on the doctrines of waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE
(Justification)

The conduct of CNC in regard to the matters alleged in plaintiff's complaint was justified, and by reason of the foregoing, plaintiff is barred from any recovery.

## SEVENTH AFFIRMATIVE DEFENSE
(Indefinite, Unconscionable, Unenforceable )

The contract alleged in the plaintiff's complaint is indefinite, unconscionable

and/or unenforceable, including for lack of consideration.

## EIGHTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

The claims made in the complaint are barred, in whole or in part, because of plaintiff's failure to mitigate damages, if such damages exist.

## ADDITIONAL DEFENSES RESERVED

CNC reserves any and all additional defenses available to it under Title 15 of the United States Code, California Business & Professions Code § 17200 *et seq.*, or under the rules, regulations, and laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising.

## PRAYER FOR RELIEF REGARDING PLAINTIFF'S CLAIMS

WHEREFORE, CNC prays for relief as follows:

(a) Plaintiff's complaint against CNC be dismissed with prejudice and plaintiff takes nothing by way of this action;

(b) Judgment in favor of CNC and against plaintiff with respect to each of plaintiff's asserted claims;

(c) Judgment in favor of CNC and against plaintiff with respect to each of CNC's affirmative defenses;

(d) For such other and further relief this Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

DLA Piper LLP (US)
WEST\285572385.1

## JURY DEMAND

CNC respectfully demands a trial by jury on any and all issues so triable.

Dated: April 1, 2019

DLA PIPER LLP (US)

By _____
ANDREW P. VALENTINE

Attorneys for Defendant
CHUNGHSIN TECHNOLOGY GROUP CO., LTD. f/k/a NEW CENTURY OPTRONICS CO., LTD.